Ibvikg 1i. Levey, J.
This is an application by the administrator of a deceased stockholder owning 50% of the stock of a corporation for dissolution of said corporation pursuant to section 103 of the General Corporation Law, The dispute is between brothers and sisters. It appears that Emily Gazzola, mother, and Angelo Gázzolo, the son, respondent herein, had entered into an agreement whereby each was a 50% stockholder of a closed corporation, operating a restaurant and luncheonette business; that the said agreement-.provided, that in the event of the death of either party, this would constitute an automatic option to the surviving stockholder to purchase, at book value, the shares of stock of such deceased stockholder.
The mother died, and the respondent, as the surviving stockholder, and now operating the business, offered to purchase the stock at book value in accordance with the agreement. The accountant for the corporation prepared a statement establishing book value. This did not appear acceptable to the interested parties, except respondent, who are brothers and sisters,- and they engaged an independent accountant of their own choosing to examine the books and l'ecords of the corporation. He valued the business slightly more than the amount arrived at by the corporation’s accountant. The respondent is willing -to accept this higher value. The respondent charges that his brothers and sisters are attempting to deprive him of his livelihood by. bringing this proceeding; that they refuse to comply with the agreement that the respondent entered into with his mother for the purcháse of the stock.
An application of this kind is addressed to the discretion of the court (General Corportation Law, § 106). Before a dissolution may be granted, one of the necessary elements that must be alleged and proven to the satisfaction, of the court is that such dissolution would be beneficial to the stockholders (Matter of Seamerlin Operating Co., 307 N. Y. 407 ; Matter of Radom & Neidorff, 307 N. Y. 1 ; Matter of Cantelmo [Brewer], 275 App. Div. 231). This the petitioner has failed to do. Furthermore! the respondent, in accordance with the agreement with his late mother, is willing to purchase the shares of stock at the valuation arrived at by the aforesaid independent accountant. . The application is denied, and the petition is dismissed.